**In re Albert M.A. RIJCKAERT and Joannes A.E. Van Der Kop.**

No. 93–1206.

United States Court of Appeals, Federal Circuit.

Nov. 23, 1993.

Edward W. Goodman, North American Philips Corp., of Tarrytown, NY, argued for appellant. With him on the brief was Algy Tamoshunas.

Lee E. Barrett, Associate Sol., Office of the Sol., Arlington, VA, argued for appellee. With him on the brief was Fred E. McKelvey, Sol.

Before MAYER and LOURIE, Circuit Judges, and LAY*, Senior Circuit Judge.

LOURIE, Circuit Judge.

Albert Rijckaert and Joannes van der Kop ("Rijckaert") appeal from the decision of the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences affirming the final rejection of claims 5–12, all of the pending claims in patent application serial no. 07/345,396, as being unpatentable under 35 U.S.C. § 103 (1988). Because the references relied upon to reject

* Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

the claims do not provide the basis for a *prima facie* determination that the claimed invention would have been obvious, we reverse.

## BACKGROUND

The patent application at issue relates to an apparatus for recording and reproducing an electric signal on a magnetic record carrier. Independent claim 11 is drawn to a recording apparatus and it specifies a relationship between time expansion or compression and three variables, $\alpha$, n, and M. Claim 11 reads, in pertinent part:

11. An apparatus for recording an electric signal on a magnetic record carrier in tracks which are inclined relative to the longitudinal direction of said record carrier, comprising: ...

. . . .

... [a] time-base correction circuit provid[ing] a time expansion or time compression of the signal blocks by a factor of $\alpha^*n/(180^*(M+1))$, where $\alpha$ is the wrapping angle of the record carrier around the head drum and differs from 180°, n is the number of head pairs, and M is the number of times within a specific time interval that a head pair which comes in contact with the record carrier during said time interval does not record a signal on the record carrier, said time interval being defined by those instants at which two consecutive track pairs are recorded by one or two head pairs.

Independent claim 12 is drawn to an apparatus for reproducing a recorded signal and it recites the reciprocal relationship between time compression or expansion and the three variables $\alpha$, and M. Dependent claims 5–10 further limit claims 11 or 12.

The Board upheld the final rejection of claims 5 and 7–12 under 35 U.S.C. § 103 as being unpatentable over U.S. Patent 4,757,-392 to Awamoto in view of Driessen et al., *An Experimental Digital Video Recording System*, CE–32 I.E.E.E. Transactions on Consumer Electronics 3, Aug. 1986, at 362–70.

1. The claims stand or fall together since no separate argument for patentability has been made

The Board also upheld the final rejection of claim 6 as being unpatentable over Awamoto and Driessen in view of U.S. Patent 4,542,417 to Ohta.

## DISCUSSION

We review *de novo* the Board's ultimate determination of obviousness. *In re De Blauwe*, 736 F.2d 699, 703, 222 USPQ 191, 195 (Fed.Cir.1984). Underlying factual inquiries, such as the scope and content of the prior art, differences between the prior art and the claimed invention, and level of ordinary skill in the art are reviewed for clear error. *See In re Caveney*, 761 F.2d 671, 674, 226 USPQ 1, 3 (Fed.Cir.1985).

In rejecting claims under 35 U.S.C. § 103, the examiner bears the initial burden of presenting a *prima facie* case of obviousness. *In re Oetiker*, 977 F.2d 1443, 1445, 24 USPQ2d 1443, 1444 (Fed.Cir.1992). Only if that burden is met, does the burden of coming forward with evidence or argument shift to the applicant. *Id.* "A *prima facie* case of obviousness is established when the teachings from the prior art itself would appear to have suggested the claimed subject matter to a person of ordinary skill in the art." *In re Bell*, 991 F.2d 781, 782, 26 USPQ2d 1529, 1531 (Fed.Cir.1993) (quoting *In re Rinehart*, 531 F.2d 1048, 1051, 189 USPQ 143, 147 (CCPA 1976)). If the examiner fails to establish a *prima facie* case, the rejection is improper and will be overturned. *In re Fine*, 837 F.2d 1071, 1074, 5 USPQ2d 1596, 1598 (Fed.Cir.1988).

All of the claims except claim 6 stand rejected under 35 U.S.C. § 103 as being obvious over Awamoto in view of Driessen.[1] Awamoto, the primary reference, discloses a signal processing circuit for a video recording and reproducing apparatus. Awamoto specifically discloses the time expansion of an input signal by a factor of two and the corresponding time compression of an output signal in a manner inverse to that of the time expansion. Further, Awamoto uses two video heads mounted on a rotary drum "of any

for each claim.

of a well known video tape loading mechanism such that [the heads] follow parallel tracks skewed relative to the length of video tape." Driessen discloses a recording system using two pairs of heads mounted on piezo-ceramic actuators.

The Board concluded that the subject matter of the claims would have been obvious over Awamoto in view of Driessen, stating that "the time expansion or time compression relationship is satisfied for the expansion of two disclosed [in] Awamoto when a wrapping angle of 360°, one pair of heads and no non-recording intervals are assumed." The Board further asserted that the recognition of the claimed relationship between time expansion/compression and the three variables $a$, n, and M is "the mere discovery of a relationship that is applicable to [a] prior art apparatus[, and] does not [give] rise to a patentable invention." Thus, in affirming the rejection, the Board first assumed that the claim limitation at issue, the relationship between time expansion/compression and the three variables, was somehow "inherent" in the prior art as shown by Awamoto. The Board also assumed specific values for the claimed variables in order to assert that Awamoto's device satisfies the claimed relationship.

Rijckaert argues that the examiner has not established a *prima facie* case of obviousness and that the examiner's assumptions do not constitute the disclosure of prior art. We agree. Awamoto does not disclose the wrapping angle of the record carrier around the head drum or the number of times that a head pair which comes in contact with the record carrier does not record a signal on the record carrier. Nor does Awamoto discuss the claimed relationship of the three varia-

bles to time expansion/compression.[2] Driessen, the secondary reference, is relied upon only to teach the provision of a pair of write heads having a mechanically rigid coupling to each other and does not remedy the deficiencies of Awamoto. Thus, the prior art relied upon does not disclose, suggest, or render obvious the claimed invention, either individually or when combined.[3]

Awamoto does not describe the use of time expansion and compression as a means of optimally filling tracks, much less suggest that the three variables of the claims are even a factor in determining the amount of time expansion or time compression. Rather, Awamoto is concerned primarily with processing a high-quality broadcast television signal for use in conventional video machinery, and with compensating for errors introduced to such a signal by a transfer circuit. The Commissioner's assertion "that the [analysis discussed in his brief] and Awamoto demonstrate that the relationship was, in fact, well known in the art" is unavailing. While the court appreciates the Commissioner's thorough explanation of the claimed relationship in his brief, the Commissioner's brief is not prior art. The prior art is Awamoto, and it does not indicate that the relationship is well known in the art, nor does it suggest the claimed relationship. *See In re Yates*, 663 F.2d 1054, 211 USPQ 1149, 1151 (CCPA 1981) (when the PTO asserts that there is an explicit or implicit teaching or suggestion in the prior art, it must indicate where such a teaching or suggestion appears in the reference).

To support the Board's affirmance of the rejection, the Commissioner points out that in the recording art, the exact matching of signal time to recording time is an optimal

2. The Commissioner admits that other limitations recited in claims 11 and 12 are not found in Awamoto; however, those limitations were not argued before the Board or this court. Thus, we agree with the Commissioner that those limitations are not at issue here.

3. The Board also noted that the claims are not "specific" in that they claim the three variables as a "factor" of the expansion or compression time. The Board stated, "claims 11 and 12 fail to say which of expansion time or compression time is factored by the variables, how or when one of the two times is selected based on the

variables or how each of the two times is related to the variables." The Board further stated, "the relationship is probably satisfied by any prior art video tape recording and reproducing apparatus that otherwise satisfies the remaining requirements of the claims at bar." While the Board's position implies a possible rejection based upon 35 U.S.C. § 112, this issue is not before us. In any event, the statement that the relationship is "probably satisfied" by the prior art is speculative and therefore does not establish a *prima facie* case of unpatentability.

condition, and that this condition would be met by fulfilling the claimed relationship. While the condition described may be an optimal one, it is not "inherent" in Awamoto. Nor are the means to achieve this optimal condition disclosed by Awamoto, explicitly or implicitly. "The mere fact that a certain thing *may* result from a given set of circumstances is not sufficient [to establish inherency.]" *In re Oelrich,* 666 F.2d 578, 581–82, 212 USPQ 323, 326 (CCPA 1981) (citations omitted) (emphasis added). "That which may be inherent is not necessarily known. Obviousness cannot be predicated on what is unknown." *In re Spormann,* 363 F.2d 444, 448, 150 USPQ 449, 452 (CCPA 1966). Such a retrospective view of inherency is not a substitute for some teaching or suggestion supporting an obviousness rejection. *See In re Newell,* 891 F.2d 899, 901, 13 USPQ2d 1248, 1250 (Fed.Cir.1989).

Rijckaert also argues that the rejection of dependent claim 6 as being obvious over Awamoto and Driessen in view of Ohta is improper. Ohta discloses an apparatus for compensating for signal loss in a single-head video recorder using a time compression factor of 3/5 (a signal of time period 5t/4 is compressed into a track of time period 3t/4) so that a signal is recorded completely during the time period that it takes the recording head to scan the magnetic tape. Regarding the Ohta patent, the examiner stated,

"Ohta was only relied upon to support the idea that other compression factors are used in the prior art...."[4] The relationship between the time expansion/compression and the three variables recited in the claims from which claim 6 depends, which is absent in the combination of Awamoto and Driessen, is not supplied by Ohta. Thus, we agree that the rejection of claim 6 under § 103 is improper for the reasons set forth above with respect to the other claims.

While the Commissioner criticizes Rijckaert's arguments regarding the § 103 rejections, the burden to rebut a rejection of obviousness does not arise until a *prima facie* case has been established. In the case before us, it was not.

## CONCLUSION

The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences affirming the final rejection is reversed.

*REVERSED.*

---

**4.** The Board did not specifically address the rejection of claim 6; therefore, claim 6 was considered to be affirmed for the reasons stated by the examiner. *See* 37 C.F.R. § 1.196(a) (1993).