62 F.3d 1433
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Isao ONA, Osamu Tanaka, and Hidetoshi Kurusu.
 No. 95-1037
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1995.
 
 Before RICH, MAYER, and BRYSON, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Isao Ona, Osamu Tanaka, and Hidetoshi Kurusu (collectively Ona) appeal the July 29, 1994 decision of the Board of Patent Appeals and Interferences (Board) of the United States Patent and Trademark Office (PTO) affirming the Examiner's final rejection of claims 3 and 4 of patent application Serial No. 07/532, 762 (the '762 application). As to the rejection of claims 3 and 4 under 35 U.S.C. Sec. 103 (1988),[1] we affirm.
 
 I. BACKGROUND
 A. The Invention
 Claims 3 and 4 are at issue. They recite:
 
 2
 3. An improved method of obtaining release from a solid substrate, the method comprising (I) applying a release agent to the solid substrate; (II) molding an article against the treated solid substrate; (III) removing the article from the solid substrate, the improvement comprising using a release agent whose major silicone component is an organopolysiloxane microemulsion which is obtained by the emulsion polymerization of an organopolysiloxane whose average particle size after polymerization is equal to or less than 0.15 micrometers and whose viscosity, after the emulsion is broken, is at least 100 centistokes at 25~C, said microemulsion being dilution stable and blending stable.
 
 
 3
 4. A release agent comprising a composition containing as its major silicone component, an organopolysiloxane microemulsion which is obtained by the emulsion polymerization of an organopolysiloxane whose average particle size after polymerization is equal to or less than 0.15 micrometers and whose viscosity, after the emulsion is broken, is at least 100 centistokes at 25~C, said microemulsion being dilution stable and blending stable.
 
 B. The Prosecution
 
 4
 The Examiner rejected claims 3 and 4 under Sec. 103 as unpatentable over Gee (U.S. Patent No. 4,620,878) in view of Comper (U.S. Patent No. 4,431,452). The Examiner relied on Gee for teaching everything in claims 3 and 4 except the use of an emulsion as a release agent, for which he relied on Comper. The Examiner stated that it "is well known in the art to use organopolysiloxane emulsion and [sic, as] release agents as is shown by the Comper reference." As Gee does not exclude this use, and Comper teaches use of organopolysiloxane emulsions as release agents, the Examiner reasoned that "one skilled in the art would have found it obvious to utilize the microemulsion taught by Gee as a release agent since Gee recognizes that the microemulsions have superior emulsion stability." The Examiner further contended that because Gee teaches that microemulsions are more stable than macroemulsions, "Gee is stating that microemulsions can be used where macroemulsions have been used in the past."
 
 
 5
 In response to this rejection, Ona argued "if the appellant's entire invention is predicated solely on the ability of the compositions to gain release, it would in the applicants [sic] opinion be obvious to TRY the microemulsions to gain the release characteristics." However, Ona contended that there must be "some other reason to work with microemulsions in the release process" and that those reasons are mechanical, dilution, and blending stability, which are not taught in either Gee or Comper. Ona argued that Comper does not teach a microemulsion since it discloses large particle sizes and thus cannot teach a stable microemulsion. Further, argued Ona, Gee "did not have all these stabilities in mind when he made" the disclosure that his microemulsion is stable.
 
 
 6
 As support for this statement, Ona relied on an affidavit from Gee distinguishing between the stability of the emulsion, which Gee asserted is taught in his patent, and stabilities "imparted to the formulated products," which Gee asserted is neither taught in his patent nor in the prior art.
 
 
 7
 In response to the Gee affidavit, the Examiner contended that the recognized stability of microemulsions in the Gee patent would have made it obvious to one of ordinary skill to substitute the microemulsion of Gee for the macroemulsion of Comper and use it as a release agent. As to Gee's statement that the stability obtained in the Gee patent goes to the emulsion and not to a formulated product, the Examiner countered that the Gee patent, in example 24, indicates that a product obtained, and not the emulsion alone, remains stable.
 
 C. The Board's Decision
 
 8
 The Board stated that Ona's argument that Gee's microemulsion lacks mechanical, dilution and blendability stability was unpersuasive because Gee explicitly teaches a microemulsion that is stable. Specifically, in view of Gee's teaching of the stability of a microemulsion, it would have been obvious to use the microemulsion instead of Comper's macroemulsion as a release agent. The Board also pointed out that Ona in its specification conceded that organopolysiloxane emulsions are known to have release properties.
 
 
 9
 Ona appealed the Board's decision to this court. We have jurisdiction under 28 U.S.C. Sec. 1295(a)(4)(A) (1988).
 
 II. DISCUSSION
 A. Standard of Review
 
 10
 Obviousness under section 103 is a question of law that we review de novo. In re Donaldson Co., 16 F.3d 1189, 1192, 29 USPQ2d 1845, 1848 (Fed. Cir. 1994) (in banc). What a reference teaches is a question of fact reviewed under the clearly erroneous standard. In re Beattie, 974 F.2d 1309, 1311, 24 USPQ2d 1040, 1041 (Fed. Cir. 1992).
 
 B. Obviousness
 
 11
 The Examiner bears the burden of establishing a prima facie case of obviousness. In re Rijckaert, 9 F.3d 1531, 1532, 28 USPQ2d 1955, 1956 (Fed. Cir. 1993). After a prima facie case of obviousness has been established by the PTO, the burden of going forward shifts to the applicant. In re Piasecki, 745 F.2d 1468, 1472, 223 USPQ 785, 788 (Fed. Cir. 1984). "If rebuttal evidence of adequate weight is produced, the holding of prima facie obviousness, being but a legal inference from previously uncontradicted evidence, is dissipated." Id. All evidence on the question of obviousness must be considered, both that supporting and that rebutting the prima facie case. Id. at 1471-72, 223 USPQ at 787; see In re Rinehart, 531 F.2d 1048, 1052, 189 USPQ 143, 147 (CCPA 1976).
 
 C. Analysis
 
 12
 The Gee patent is entitled "method of preparing polyorganosiloxane emulsions having small particle size." As found by the Examiner, Gee teaches a stable microemulsion with a particle size less than 14 microns. Gee teaches that the oil concentrate of his invention, i.e., before the addition of water, may be used months or years after its preparation. Gee further discloses that one of the conditions of adding dilution water to the oil concentrate is that the "resulting emulsion has sufficient stability for its intended use." Gee gives numerous examples of uses of the microemulsion and reports when used in shampoo the product was "stable for a minimum of seven months."
 
 
 13
 The Gee patent does not teach that the microemulsion is usable as a release agent and does not explicitly state that the viscosity of the organopolysiloxane is at least 100 centistokes at 25~C.
 
 
 14
 The Comper patent is entitled "tire curing bladder coating composition" and discloses a lubrication composition used for molding, shaping, and curing of "green" tires. The composition includes polydimethylsiloxane having a viscosity of at least 100 centistokes at 25~C. Comper explains that addition of the "viscous organopolysiloxane polymer" promotes lubricity and enhances performance "before excessive adhesion (sticking) between the surfaces was experienced."
 
 
 15
 Upon review of the teachings of the Gee and Comper references, we hold that it would have been obvious to one of ordinary skill in the art to use the Gee microemulsion as a release agent as taught by Comper. Gee teaches numerous uses of the microemulsion and suggests their use where stability is desired. This teaching would motivate one of ordinary skill in the art to use the microemulsion as a release agent, as taught by Comper.
 
 
 16
 To the extent that Ona distinguishes claims 3 and 4 based on the claimed dilution and blending stability, we note that, as found by the Board, Gee unambiguously discloses a stable microemulsion and stable products made therefrom. We also agree with the Board that all the benefits of the claimed invention need not be explicitly disclosed to render the claim unpatentable under section 103. See In re Dillon, 919 F.2d 688, 16 USPQ2d 1897 (Fed. Cir. 1990) (in banc), cert. denied, 500 U.S. 904 (1991). We accordingly conclude that the Examiner made a prima facie case of obviousness.
 
 
 17
 Ona contends that the Gee affidavit overcomes any prima facie case of obviousness. Gee, in his affidavit, stated that he is an expert in the field of emulsion technology and further stated that "[b]ased on my background and experience at the time that the '878 patent issued, I would not have been led to substitute the macroemulsion of Comper et al[.] by the microemulsion of my invention based on what was known in the art at the time."
 
 
 18
 Affidavits from experts with actual skill in the art may aid the PTO in a patentability determination, but do not substitute for an obviousness determination under the proper standard. Rather, in a section 103 analysis, the evidence must be viewed from the position of a person of ordinary skill, not from the position of an expert. Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044, 1050, 5 USPQ2d 1434, 1438 (Fed. Cir.), cert. denied, 488 U.S. 825 (1988).
 
 
 19
 In this case, the Board correctly determined that Gee's expert affidavit did not overcome the Examiner's prima facie case of obviousness. Moreover, the issue is not what Gee himself would have considered to be obvious when he made his invention. Rather, the proper inquiry is what one of ordinary skill in the art would have considered obvious at the time Ona's invention was made. That issue is unaddressed in Gee's affidavit.
 
 
 20
 Additionally, we note that Gee stated in his affidavit that he was not aware that stability was imparted to a formulated product, but rather that his invention would produce a stable silicone emulsion. However, as found by the Board, this assertion is belied by example 24 of the Gee patent, which addresses the stability of a formulated product finding it to be between a minimum of four to seven months. The Gee patent also teaches the use of the small particle size emulsion in "clear silicone containing products ... where superior emulsion stability is desired." The Gee affidavit does not overcome the Examiner's prima facie case of obviousness and the rejection of claims 3 and 4 under 35 U.S.C. Sec. 103 over Gee in view of Comper is therefore affirmed.
 
 
 
 [1]
 The rejection under 35 U.S.C. Sec. 112, second paragraph, and the rejections of claims 1 and 2, addressed in the Board's opinion, are not at issue in this appeal. The rejection of claim 4 under 35 U.S.C. Secs. 102(e) /103 is also not addressed